E-FILED
Tuesday, 17 August, 2021  04:22:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES R. HAUSMAN, individually and derivatively on behalf of THE GOLD CENTER, INC., an Illinois Corporation, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-3276 |
| TODD GREEN, JOSHUA WAGONER, and THE GOLD CENTER, INC., an Illinois Corporation, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Defendants Todd Green and Joshua Wagoner move to dismiss.

Defendant Gold Center Inc. joins in the motion.

## I.    FACTUAL ALLEGATIONS

According to the Complaint, Plaintiff James R. Hausman is a

minority shareholder of Defendant The Gold Center, Inc. ("GCI").

Hausman seeks redress derivatively on behalf of the GCI from GCI's majority shareholder, Defendant Todd Green, and Defendant Joshua Wagoner, another GCI director and officer, based on their alleged breaches of fiduciary duty, self-dealing, usurping corporate opportunities, corporate waste, gross mismanagement and intermingling of funds with a corporation separately owned and controlled by Green.

Individually, Hausman seeks redress for alleged oppression and seeks an accounting of, *inter alia*, GCI cash transfers, payments and loans made to and received by Green's other companies.

In Count I Hausman, derivatively on behalf of GCI, seeks judgment against Green and Wagoner for breach of fiduciary duty under 805 ILCS 180/40-15.

Count II is a claim for oppression based on Green's and Wagoner's misapplication and/or wasting of GCI's assets under 805 ILCS 5/12.56(a)(3).

In Count III, Hausman alleges Green and Wagoner have committed books and record violations, and he asserts a statutory right to examine

the books and records of GCI under 805 ILCS 5/7.75. In his response to the motion to dismiss, Hausman voluntarily withdraws his prayer for statutory damages under 805 ILCS 5/7.75 but continues to pursue the rest of the claim.

In Count IV, Hausman claims he and GCI are entitled to an accounting and asks the Court to order Green, Wagoner and Trapani to provide an accounting of transactions.

In their motion to dismiss, Green and Wagoner allege Counts I, II and IV must be dismissed because there is not complete diversity of citizenship among the parties. According to the Complaint, Plaintiff Hausman is a citizen of Wisconsin and Defendants Green and Wagoner are citizens of Illinois. The GCI is listed as both a Plaintiff and Defendant and is a citizen of Illinois.

As for Count III, Green and Wagoner allege Hausman cites § 7.75 of the Illinois Business Corporation Act of 1983 ("BCA"), 805 ILCS § 5/1.01, *et al*., in support of Count III, even though it is an Illinois state penal statute. According to 805 ILCS § 5/7.75(d), an officer, agent or

corporation that refuses to allow a shareholder to examine a corporation's books and records is liable for up to ten percent of the values of the shares owed by the shareholder.   In Count III, Hausman alleges Green is liable to him in an amount up to ten percent of the shares owned by Green.  The Defendants contend Plaintiff cites no basis which would entitle him to a percentage of Green's shares.

The Defendants further assert that even if there was a viable legal basis, Hausman's claim would be barred by res judicata because the issue was litigated in *James B. Hausman v. Todd Green, Joshua Wagoner, The Gold Center, Inc., Illinois Depository Corporation and Illinois Armored Transport, Inc.*, Case Number 3:18-cv-03013 ("the first federal case").

The Defendants further claim that in the first federal case, the Court considered whether the Plaintiff's counterclaim in a prior state court case, *Todd Green v. James R. Hausman*, No. 15-CH-170 ("the original state court case") was a parallel proceeding.  This Court found that the state court judge closed the original state court case and ordered the cause struck, so the counterclaim was not pending.  On August 29, 2019,

4

Hausman filed a Notice of Voluntary Dismissal of the first federal case, which operated as an adjudication on the merits under Federal Rule of Civil Procedure 41(a)(1)(B). The Defendants contend Count III should be dismissed pursuant to Rule 41(b).

The Defendants also claim that Hausman's complaint must be dismissed because it has not been verified, which is required by Rule 23.1(b) for complaints involving derivative actions. In his response, Hausman attaches as an exhibit a Verification which he claims satisfies Rule 23.1's requirements.

## II.  DISCUSSION

Legal standard

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir.

2011) (internal quotation marks omitted).  Courts must consider whether the complaint states a "plausible" claim for relief.  *See id.*  The complaint must do more than assert a right to relief that is "speculative."  *See id.*  However, the claim need not be probable: "a well-pleaded complaint may proceed even if . . . actual proof of those facts is improbable, and . . . a recovery is very remote and unlikely."  *See Independent Trust Corp. v. Stewart Information Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  "To meet this plausibility standard, the complaint must supply 'enough fact to raise a reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations."  *Id.*

A motion to dismiss under Rule 12(b)(1) tests the sufficiency of the complaint and not the merits of the case.  *See Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014).  "In the context of a motion to dismiss for lack of subject matter jurisdiction, [the Court] accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff."  *Id*.  In response to a Rule

12(b)(1) motion, the plaintiff has the burden of establishing that the jurisdictional requirements have been met. *See id*. at 589.

<u>Counts I, III and IV and diversity jurisdiction</u>

District courts have original jurisdiction in cases in which the amount in controversy exceeds $75,000 and is between citizens of different states. *See* 28 U.S.C. § 1332(a)(1). The Complaint names GCI as a Plaintiff and a Defendant. GCI was incorporated in Illinois and has its principal place of business in Illinois and is thus an Illinois citizen. The Defendants allege that because Green and Wagoner are Illinois citizens, GCI would not be capable of suing Green and Wagoner in federal court because there would not be diversity of citizenship. Because each Plaintiff cannot sue each Defendant, the Defendants contend there is not complete diversity and the Court lacks subject matter jurisdiction.

Hausman is suing individually and derivatively on behalf of GCI. "The theory in a derivative suit is that a corporation's board has been so faithless to investors' interests that investors must be allowed to pursue a claim in the corporation's name." *Robert F. Booth Trust v. Crowley*, 687 F.3d 314, 316-17 (7th Cir. 2012). The shareholder "can prevail only by

7

showing an injury or breach of duty to the corporation." *Bagdon v. Bridgestone/Firestone, Inc.*, 916 F.2d 379, 381 (7th Cir. 1990).

In determining whether jurisdiction exists, courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941). In shareholder derivative suits, "[t]here is jurisdiction if there is real collision between the stockholder and his corporation." *Smith v. Sperling*, 354 U.S. 91, 97-98 (1957).

"Pursuant to *Smith v. Sperling* . . . a corporation is aligned as a defendant in a shareholder's derivative suit." *Weinstein v. Schwartz*, 422 F.3d 476, 478 (7th Cir. 2005). "A corporation is controlled by its management, and when the management opposes the derivative suit the corporation is treated as a defendant rather than as a plaintiff for purposes of determining whether there is diversity jurisdiction." *Beck v. Dobrowski*, 559 F.3d 680, 687 (7th Cir. 2009).

The Defendants claim that, if GCI was harmed by the alleged mismanagement, then its interests are opposed to the interests of Green and Wagoner. In that case, GCI should properly be aligned as a Plaintiff,

8

which would mean that there is not complete diversity and Court lacks subject matter jurisdiction.

Based on the reasoning of *Smith*, *Weinstein* and *Beck*, the Courts finds that there is complete diversity.  GCI is properly aligned as a Defendant because of its opposition to the derivative suit.  The allegations of the Complaint establish that GCI's management opposes the derivative suit.  According to the Complaint, Green has a majority interest in and controls GCI.  Wagoner is Green's agent and the two have majority control of GCI's Board of Directors, thereby giving them control of GCI.  Hausman alleges that Green and Wagoner have engaged in self-dealing and other breaches of their fiduciary duties, including by stripping GCI of its assets to enrich themselves.  Hausman alleges he voted against those transactions, but was outvoted by Green and Wagoner.  Additionally, it would be futile for Hausman to demand that GCI assert the claims pled against Green and Wagoner.  Upon crediting the allegations of the Complaint, the Court concludes there is antagonism between Hausman and GCI.

Accordingly, GCI is properly aligned as a Defendant and complete diversity exists because Hausman is a citizen of Wisconsin, Defendants are all citizens of Illinois and the amount in controversy exceeds $75,000. The motion to dismiss Counts I, II and IV due to lack of diversity jurisdiction will be denied.

<u>Count III and lack of jurisdiction</u>

In Count III, Hausman alleges he made a written demand to examine GCI's books and corporate records under 805 ILCS § 5/7.75. The statute allows a shareholder to examine the corporate books and records under certain circumstances. Green and Wagoner have failed to give him access to those books and records, and he thus asks the Court to institute a penalty up to ten percent of the value of the shares owned by Green. Hausman has withdrawn his prayer for statutory damages but continues to seek an Order requiring Defendants to produce GCI's books and records for examination. The Defendants contend the count should be dismissed either because the Court lacks subject matter jurisdiction or based on the doctrine of res judicata.

The Defendants contend Count III is barred by res judicata because it was litigated in the first federal case. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).

According to paragraph 72 of Hausman's complaint, he made a books and records demand to Green and Wagoner on May 26, 2020. Paragraph 74 states that Green and Wagoner failed to provide Hausman with access to the requested information.

Hausman's written demand to inspect the books and records of GCI was made more than eight months after judgment was entered in the first federal case. Accordingly, the current claim is not based on the same core of operative facts and should not be dismissed because of res judicata.

Count III and Rule 41(a)(1)(B)

The Defendants next claim that Count III is barred in its entirety by Federal Rule of Civil Procedure 41. Rule 41(a)(1)(B) states that a notice of dismissal operates as an adjudication on the merits if the plaintiff previously dismissed a federal or state court action based on the same

claim.  Upon accepting as true the allegations of the complaint and as the Court previously noted, the claim in this case is not the same as the claim in the first federal case.  Therefore, the Court will deny the motion to dismiss Count III.

Failure to verify

Finally, the Defendants contend that the complaint was not verified as required by Federal Rule of Civil Procedure 23.1  Rule 23.1(a) applies when a shareholder brings a derivative action to enforce a right that the corporation may properly assert but has failed to enforce.  Rule 23.1(b) states that the complaint must be verified and must allege that the plaintiff was a shareholder or member at the time of the transaction, that the action is not collusive to confer jurisdiction, and state with particularity any effort to obtain the desired action from the directors or comparable authority and the reason for not obtaining the action or making the effort.

Although the complaint was filed without the verification, the Plaintiff has now filed a verification as an exhibit to his response to the motion to dismiss.  The Court concludes that satisfies the requirements of Rule 23.1 and will deny the motion to dismiss for failure to verify.

Ergo, Defendants Todd Green and Joshua Wagoner's First Motion to Dismiss for Failure to State a Claim and Lack of Jurisdiction [d/e 10] is DENIED.

Defendant Gold Center Inc.'s Motion to Dismiss [d/e 11] is DENIED.

The Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

This case is referred to United States Magistrate Judge Tom Schanzle-Haskins for the purpose of holding a Rule 16 Scheduling Conference.

ENTER: August 17, 2021

FOR THE COURT:

                          /s/ *Richard Mills*
                          Richard Mills
                          United States District Judge